UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:22-cr-570-1 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Carmen E. Henderson |
| KATELYN ARCHER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

In November 2022, Defendant Katelyn Archer was arraigned on one count of making a false statement during the purchase of a firearm, in violation of 18 USC §§ 922(a)(6) and (2).  In May 2024, she entered into a pretrial diversion agreement with the United States.  (ECF No. 51.)  The agreement required Ms. Archer to abide by the conditions and requirements of the diversion program for 18 months.  (ECF No. 51, PageID #161.)  If successful, the government would drop the charges against her.  (*Id.*)

In January 2025, the United States moved to revoke Ms. Archer's diversion, citing positive drug tests and failure to comply with mental health treatment.  (ECF No. 67, PageID #243–44.)  She responded (ECF No. 74), and the Court held a hearing on the motion (*see* Minutes, Feb. 27, 2025).  For the reasons that follow, the Court **GRANTS** the government's motion to revoke diversion and reinstate the charges in the indictment.

At the outset, the Court notes that pretrial diversions programs provide valuable tools "to ensure accountability for criminal conduct, protect the public by reducing rates of recidivism, conserve prosecutive and judicial resources, and provide opportunities for treatment, rehabilitation, and community correction." U.S. Dep't of Justice, *Justice Manual* § 9-22.010. Additionally, the administration of these programs vary by District. Some Districts still employ and rely on the Chief Probation Officer or the Chief Pretrial Services Officer to assist in administering a diversion program, based on the Department of Justice's prior policy. *See* U.S. Dep't of Justice, *Criminal Resource Manual* § 712 (2019), https://www.justice.gov/archives/jm/criminal-resource-manual-712-pretrial-diversion. Such arrangements appear to augment the resources available to a U.S. Attorney's Office in administering diversion programs, which remain a critically underused tool.

Here, the United States moved to revoke Ms. Archer's participation in its diversion program. As a preliminary matter, prosecutors have "broad discretion" in deciding whom to prosecute and what charges to bring. *United States v. Gravley*, 587 F. App'x 899, 918 (6th Cir. 2014). The Court does not seek to interfere with that discretion or the responsibilities entrusted to the United States Attorney. However, the Court does retain a limited role in overseeing the diversion process. *United States v. Hicks*, 693 F.2d 32, 33 (5th Cir. 1982). The diversion agreement is a contract, and the court is "entitled to hear evidence on the violations to make sure that the government [has] lived up to its side of the bargain." *Id.*; *see also United States v.*

*Biden*, 729 F. Supp. 3d 430, 437–42 (D. Del. 2024) (discussing the application of contract law to a potential diversion agreement).

In this case, the record shows that the parties entered into a pretrial diversion contract that is valid and binding. Despite multiple chances, Ms. Archer did not fulfill her end of the bargain, in the view of the United States. Nothing in the record suggests that the government failed to fulfill its obligations under the contract. Accordingly, the United States may in its discretion walk away from that agreement. "There is no basis in this case for judicial interference with the prosecutor's discretion and authority to decide whether or not to pursue pretrial diversion." *United States v. Nathan*, 816 F.2d 230, 234 (6th Cir. 1987). Whatever rare or extraordinary circumstances might justify a more searching judicial inquiry are not present in this case.

For these reasons, the Court **GRANTS** the motion of the United States to revoke diversion and reinstate the charges (ECF No. 67).

**SO ORDERED.**

Dated: March 26, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3